NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-29

TERRY DOE, SEX OFFENDER REGISTRY BOARD NO. 205899

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Sex Offender Registry Board (board) finally classified the plaintiff as a level three (high risk) offender.  A judge of the Superior Court affirmed the classification, and the defendant appealed, arguing that the hearing examiner failed to appropriately consider evidence of mitigating circumstances. After review, we affirm.

Background.  The plaintiff committed the governing sex offense in 2006 when he, at age forty-eight, along with another man, raped a forty-four year old woman.  The two men knocked on the victim's door, announcing themselves as police.  When the victim opened the door, they forced themselves in; each man raped the victim while the other stood guard.  In 2008, the

defendant pleaded guilty to indecent assault and battery in addition to other crimes in connection with the 2006 incident. Later that year, the board classified the defendant as a level three sex offender. The defendant requested reclassification in 2021. After hearing, the examiner applied certain risk-elevating factors,[1] as well as certain risk-mitigating factors,[2] finally resting on a level three determination. A judge of the Superior Court affirmed the determination.

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender

---

[1] The examiner applied the following risk-aggravating factors: 7 - relationship between offender and victim; 10 - contact with criminal justice system; 11 - violence unrelated to sexual assaults; 13 - noncompliance with community supervision; and 19 - level of physical contact.

[2] The examiner applied the following risk-mitigating factors: 29 - offense free time in the community; 30 - advanced age; 32 - sex offender treatment; 33 - home situation and support system; and 34 - materials submitted by the sex offender regarding stability in the community.

Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7).  "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6).  "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citations omitted).  Doe No. 523391, supra at 88.

On appeal, the defendant contends that the examiner "almost entirely disregarded [his] evidence under the risk-mitigating Factor 33 - Home Situation and Support Systems," giving it only "minimum weight."  The defendant argues that the assignment of minimal weight to this factor "functionally disregarded" the portion of the regulation which provides that the "likelihood of reoffense is reduced when an offender is supported by family, friends, and acquaintances."  803 Code Mass. Regs. § 1.33 (2016).  Further, the defendant contends that this also "[f]unctionally, . . . shifted the burden to [the defendant] under this factor."  We are not persuaded.

Factor 33 provides:

"Home Situation and Support Systems.

"(a) Adult Male.  Factor 33 is applied to an offender who is currently residing in a positive and supportive environment.  The likelihood of reoffense is reduced when

3

an offender is supported by family, friends, and acquaintances.

> "The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation."

803 Code Mass. Regs. § 1.33.  In light of the letters of support from family and friends submitted by the defendant, the examiner applied factor 33.  The mere application of factor 33, however, does not require a reduction in risk level, as the defendant seems to suggest.  Although the regulation explains that the "likelihood of reoffense is reduced" when an offender has a support network, the extent of any such reduction will naturally be dependent on the quality of such support.

We agree with the defendant that the letters of support essentially "document[ed] [the defendant's] rehabilitation and personal improvement,"  as they recounted how he cared for his sick wife until she passed, how he was well regarded in his construction work, how he goes to and helps out at church, and how he maintains relationships with family, friends, and community.  The letters did not, however, show that the writers were aware of the defendant's sex offender history; nor did they reveal that they provide guidance, supervision, or support of rehabilitation.  In the examiner's discretion, minimum weight was warranted.  See Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 742 (2019)

4

(hearing examiner has discretion to determine how much weight to ascribe to each applicable factor).

The defendant contends that the assessment of minimum weight equates to "essentially zero credit" for his support network and, in expecting him to additionally show that his support network provides him guidance, supervision, and support of rehabilitation, evidences a "lack of common sense," given the difficulties faced by sex offenders.  However, in assigning minimum weight to this factor, the examiner could well have considered that the defendant's support network failed to prevent or curb the defendant's violent criminal behavior which continued after the governing offense to within a few years of his reclassification hearing.  Under the circumstances, we cannot conclude that the attribution of minimum weight to factor 33 was not supported by substantial evidence or was an arbitrary and capricious abuse of discretion.  See Doe, Sex Offender

Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 30 (2021).

Judgment affirmed.

By the Court (Ditkoff, Singh & Smyth, JJ.[3]),

*Paul Little*

Clerk

Entered: June 10, 2025.

---

[3] The panelists are listed in order of seniority.